# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00327-CV

**J. M. and C. S., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 459TH JUDICIAL DISTRICT
### NO. D-1-FM-17-001683, HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants J. M. and C. S. appeal from the trial court's order terminating their parental rights to their child. *See* Tex. Fam. Code § 161.001. Following a jury trial, the trial court entered judgment in accordance with the jury's findings by clear and convincing evidence that statutory grounds existed for terminating J. M.'s and C. S.'s parental rights and that termination was in the child's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (b)(2).

Each appellant's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The briefs meet the requirements of *Anders* by presenting a professional

evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Both appellants' counsels have certified to this Court that they have provided their respective clients with a copy of the *Anders* brief and clerk's and reporter's record and have informed their respective clients of their right to file a pro se brief. The Department of Family and Protective Services has filed responses to the *Anders* briefs waiving its right to file an appellee's brief but requesting that it be afforded an opportunity to respond to any pro se brief filed by appellants. To date, no pro se briefs have been filed.

We have conducted a full examination of all of the proceedings to determine whether the appeals are wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* briefs, we find nothing in the record that would arguably support either J. M.'s or C. S.'s appeal. We agree with appellants' counsels that the appeals are frivolous and without merit. Accordingly, we affirm the trial court's order terminating the parental rights of J. M. and C. S. We deny counsels' respective motions to withdraw.[1]

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). Accordingly, counsels' respective obligations to J. M. and C. S. have not yet been discharged. *See id.* If after consulting with counsel appellants desire to file petitions for review, their counsels should timely file with the supreme court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   August 28, 2018